## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LORENZO HALL, #B-64594,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 11-cv-446-JPG** |
| | ) | |
| **CHAPLAIN SUTTON,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Lorenzo Hall, an inmate in Pinckneyville Correctional Center ("Pinckneyville"),

brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 and the

Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq.*.

Plaintiff is serving a 22 year sentence for attempted murder. This case is now before the Court for

a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court concludes that Plaintiff's claims are not subject to dismissal at this time pursuant to § 1915A.

## The Complaint

Plaintiff is a Muslim who was listed on Pinckneyville's inmate Ramadan participation list in 2010. On the first day of Ramadan, August 10, 2010, Plaintiff received his breakfast meal before sunrise and his dinner meal after sunset in accordance with Islamic tenets (Doc. 1, p. 5). However, Plaintiff alleges that those two meals combined consisted of approximately 1000 calories, instead of the 2800 calories general population prisoners are provided according to Illinois Department of Corrections ("IDOC") policy. Plaintiff spoke to his housing lieutenant that night and explained that his meals were of inadequate nutritious value and caloric content. The lieutenant advised Plaintiff that there was nothing he could do and instructed Plaintiff to file a grievance if he had a problem

with the institution's policy.

The next day, August 11, 2010, Plaintiff filed a formal written grievance complaining of the inadequate nutritional content of his meals and requested a bag lunch along with his breakfast or dinner meal to make up the approximate 1800 calories that was missing (Doc. 1, p. 6).[1]  About two weeks later, Plaintiff's grievance was returned by the counselor with the response, "Per dietary manager Bryant, meals served to Ramadan participants meet dietary standards and requirements . . ." (Doc. 6, p. 1).  Plaintiff's appeal to the director was subsequently denied by the Administrative Review Board (ARB) on March 30, 2011 (Doc. 6, p. 3).

On September 3, 2010, while in the chapel for Friday Jumu'ah prayer service, the Plaintiff was informed by Defendant Chaplain Sutton that the upcoming Eid-Ul-Fitr prayer and meal service would be held on September 13, 2010.  When Plaintiff and other Muslims tried to explain to Defendant Sutton that the Eid-Ul-Fitr prayer must be held on the morning of the first day following the completion of Ramadan, and that the Eid-Ul-Fitr meal celebration must be held within three days of the completion of Ramadan, Defendant Sutton stated, "You're in prison, deal with it," and "I'm going to be off that day anyway so I can celebrate a real American holiday, 9/11"  (Doc. 1, p. 7).  That night, Plaintiff sent numerous written request slips to Warden Davis, requesting him to intervene and allow the Plaintiff and other Muslims to follow Islamic tenets.

On September 13, 2010, the Plaintiff received a call pass to attend an "Eid service" at 8:30 a.m..  This was four days after the completion of Ramadan.

Plaintiff seeks a jury trial; combined compensatory and punitive damages of $40,000 for the

---

[1]In his complaint, Plaintiff states that he filed a formal written grievance on August 11, 2010.  However, the grievance he attaches as an exhibit to the complaint (Doc. 6) is dated August 12, 2010.

improper Eid-Ul-Fitr services and the denial of food; a declaratory judgment that Defendants violated his constitutional rights; and an injunction ordering the Defendants to include the necessary nutrition and calories with all Ramadan meals and to strictly adhere to the Islamic tenets for the Eid-Ul-Fitr prayer and meal services.

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint into two (2) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

## COUNT 1:    Religion

Plaintiff makes a number of claims alleging that his right to freedom of religion has been violated. Specifically, he alleges that Defendant Sutton inhibited his freedom to practice the religion of his choice when he refused to hold the Eid-Ul-Fitr prayer and meal celebration in accordance with Islamic tenets. He also alleges that Defendant Bryant deprived him of a tranquil and peaceful spiritual experience during the month of Ramadan 2010 by providing him with meals of inadequate nutritional value and caloric content.

An inmate is entitled to practice his religion "insofar as doing so does not unduly burden the administration of the prison." *Hunafa v. Murphy*, 907 F.2d 46, 47 (7th Cir.1990). A rule impinging on that right "is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S.78, 89 (1987). Additionally, the RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution,

. . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a).

### a.    Religious Services

Plaintiff alleges that when Defendant Sutton refused to comply with Islamic tenets for the Eid-Ul-Fitr prayer and meal services by holding both of them on September 13, 2010, he inhibited Plaintiff's ability to practice his religion of choice.  According to Plaintiff's complaint, Defendant Sutton refused to follow the specific time line mandated by the Muslim faith because he was going to be off that day to celebrate a "real American holiday, 9/11," and the Plaintiff could "deal with it" because he was in prison.

According to Plaintiff's complaint, Defendant Sutton's stated reasons for refusing to hold the Eid-Ul-Fitr prayer and meal celebrations within the time line described by Plaintiff did not appear to be reasonably related to legitimate penological interests.  Defendant Sutton stated that Plaintiff would have to deal with the scheduled services simply because Plaintiff was incarcerated.  Defendant Sutton also implied that the Eid-Ul-Fitr celebration was not a "real American holiday."  This denial prevented Plaintiff from fully practicing his faith.  Whether Defendant Sutton had any compelling government interest to impose such a burden on the religious exercise of the Plaintiff cannot be determined at this stage.  Accordingly, the Court is unable to dismiss Plaintiff's claim against Defendant Sutton for interference with his ability to practice the religion of his choice.

### b.    Religious Diet

Plaintiff concedes that he was given his breakfast meal before sunrise and his dinner meal

after sunset in accordance with Islamic tenets during Ramadan 2010. However, Plaintiff alleges that Defendant Bryant, the head dietary manager at Pinckneyville, inhibited his free practice of religion by serving him inadequate calories and nutrition in these meals. Specifically, Plaintiff claims that his spiritual experience was diminished because he was hungry and experiencing hardship because of the lack of nutrition and caloric intake. According to Plaintiff's complaint, Defendant Bryant is responsible for the day-to-day food services operation at Pinckneyville, including special religious diets (Doc. 1, p. 8).

As stated above, a defendant's actions that prohibit an inmate from freely practicing his religion will be upheld only where those actions are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S.78, 89 (1987). Here, Plaintiff states that he filed a formal written grievance regarding the lack of dietary nutrition on August 11, 2010, the second day of Ramadan (Doc. 1, p. 6). Plaintiff's grievance put Defendant Bryant on notice that he believed he was not being given adequate nutrition and calories which inhibited his First Amendment right to practice his religion. The grievance was denied on August 13, 2010, with the notation that, "Per Dietary Manager Bryant, meals served to Ramadan participants meet dietary standards and requirements. Ms. Bryant stated she will instruct her staff to ensure they adhere to these requirements" (Doc. 6, p.1). Plaintiff states in his complaint that he requested a bag lunch to be provided along with his breakfast or dinner meal to make up for the lost calories. The Court cannot determine from the pleadings whether a legitimate penological interest existed to deny Plaintiff a third meal or otherwise provide him with the full 2800 calories.

Additionally, it is possible that the denial of almost two thirds of Plaintiff's normal daily calories during Ramadan 2010 placed a substantial burden on his ability to exercise his religion in

violation of the RLUIPA's prohibition against imposing a substantial burden on his religious exercise. Plaintiff alleges that his spiritual experience was greatly diminished because he was hungry and experiencing physical discomfort.

The complaint is devoid of facts, however, for the Court to determine whether Defendant Bryant had a compelling government interest and/or whether the least restrictive means of furthering that interest was applied here, which under RLUIPA would permit restriction of religious practice. Therefore, the claim against Defendant Bryant for inhibiting Plaintiff's free practice of religion will proceed so that the Court can obtain more information concerning this claim.

**COUNT 2:    Denial of Food**

Plaintiff claims that Defendant Bryant violated his Fifth Amendment right to due process by serving him insufficient calories and nutrition during August 2010. Specifically, Plaintiff alleges that although prison officials posted general information regarding the period of fasting, they did not inform any inmate that if he chose to fast during Ramadan that he would be deprived of nearly half of his daily nutrition and calories (Doc. 1, p. 8). Plaintiff believes that he was deprived of a protected liberty interest, and brings this claim against Defendant Bryant in addition to his claim of religious interference.

The only constitutional right that might be implicated by these facts would be an Eighth Amendment claim for cruel and unusual punishment for the denial of food. The Eighth Amendment prohibition against cruel and unusual punishment is applicable to the states through the Fourteenth Amendment. It has been a means of improving prison conditions that were constitutionally unacceptable. *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994). As the Supreme Court noted in *Rhodes v. Chapman,* 452 U.S. 337,

346 (1981), the amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime. *Id.* (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). The Constitution also prohibits punishment that is totally without penological justification. *Gregg*, 428 U.S. at 183.

Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *See Rhodes,* 452 U.S. at 346; *see also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *See McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *Wilson v. Seiter,* 501 U.S. 294, 302 (1991). The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *See Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement "exceeded contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett,* 17 F.3d 1574, 1579 (7th Cir. 1994). The conditions must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim. The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. The subjective component requires that a prison

official had a sufficiently culpable state of mind. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994). In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1970); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992).

In some circumstances, a prisoner's claim that he was denied food may satisfy the objective element but, as the Seventh Circuit has held, the denial of food is not a *per se* violation of the Eighth Amendment. Rather, a district court "must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). *See generally Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (it would be an Eighth Amendment violation to deny a prisoner an "identifiable human need such as food"); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) (withholding food from an inmate can, in some circumstances, satisfy the first *Farmer* prong); *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (noting that denial of one out of every nine meals is not a constitutional violation; *Cooper v. Sheriff of Lubbock Cnty.*, 929 F.2d 1078 (5th Cir. 1991) (failure to feed a prisoner for twelve days is unconstitutional); *Cunningham v. Jones*, 567 F.2d 653, 669 (6th Cir. 1977), *app. after remand*, 667 F.2d 565 (1982) (feeding inmates only once a day for 15 days, would

constitute cruel and unusual punishment only if it "deprive[s] the prisoners concerned . . . of sufficient food to maintain normal health.").

In this case, Plaintiff alleges that he received two meals per day consisting of approximately 1000 calories for the entire month of Ramadan 2010. According to Plaintiff's complaint, general population prisoners were provided 2800 calories a day per IDOC policy. Plaintiff alleges that he was hungry and experiencing physical pain and hardship because of the lack of food. Plaintiff does not provide any details as to what type of physical pain or hardship he was experiencing. Providing an inmate with less than half of the calories he normally receives every day for one month could be frequent enough to constitute deprivation of reasonable nutritious needs. Therefore, at the pleadings stage, Plaintiff has described an objectively serious deprivation. However, this is not the end of the matter. Plaintiff must also demonstrate the subjective component to an Eighth Amendment claim.

Again, the grievance filed by Plaintiff on August 12, 2010, placed Defendant Bryant on notice of his claims of food deprivation. In his grievance, Plaintiff stated that he was experiencing physical pains and problems because of the lack of calories and nutrition that he was receiving, without going into any further detail. This was after only two days of having his caloric intake reduced. According to the response to Plaintiff's grievance, Defendant Bryant stated that the meals served to Ramadan participants met dietary standards and requirements. No other information was provided, such as what those dietary standards and requirements were, nor whether the meals provided to Ramadan participants contained the same amount of calories as the meals provided to general population inmates. Under these facts, the limited amount of calories given to Plaintiff for one month could be considered a deprivation of sufficient food to maintain normal health.

Additionally, Defendant Bryant was aware of facts from which the inference could be drawn

that a substantial risk of serious harm existed.  However, it is not entirely clear from Plaintiff's complaint if Defendant Bryant actually drew the inference that a substantial risk of serious harm to Plaintiff's health existed or whether she failed to act despite her knowledge.  Accordingly, the Court is unable to dismiss Plaintiff's Eighth Amendment claim regarding denial of food at this time.

### Request for Emotional and Spiritual Damages

In his request for relief, Plaintiff requests that the Court award him compensatory damages against Defendants for the emotional and spiritual damages that he alleges he suffered as a result of the claims he presents in his complaint.  However, Plaintiff can only recover damages for emotional injury if he can demonstrate that he suffered physical injury.

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C.A. § 1997e(e).  Plaintiff's complaint is devoid of any allegations of physical injury as a result of the Defendants' actions.

## Pending Motions

On June 8, 2011, Plaintiff filed a motion for service of process at government expense (Doc. 3).  Plaintiff has paid the $350 filing fee for this action in full.  The Court recognizes that because Plaintiff is incarcerated he may have difficulty effectuating service within the 120 day time limit imposed by Federal Rule of Civil Procedure 4(m).  Therefore, Plaintiff's Motion for Service of Process at Government Expense (Doc. 3) is **GRANTED**.

## Disposition

**IT IS HEREBY ORDERED** that the Clerk (1) issue summons to Defendants **SUTTON** and **BRYANT**, (2) prepare, on Plaintiff's behalf, a form USM-285 for each defendant, and (3) deliver

service packets for each defendant, consisting of the completed summons, a USM-285 form, a copy of the complaint, and a copy of this Memorandum and Order to the United States Marshal Service. The United States Marshal **SHALL**, pursuant to Federal Rule of Civil Procedure 4, personally serve upon each Defendant the summons, a copy of the complaint, and a copy of this Memorandum and Order. All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshal Service.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 8, 2012**

_____
*s/J. Phil Gilbert*
**United States District Judge**