IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LORENZO HALL, #B-64594, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| -vs- | )   Case No.:  11-cv-446-JPG |
| | ) |
| CHAPLAIN SUTTON and DIETARY MANAGER BRYANT, | ) |
| | ) |
|       Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Lorenzo Hall's motion for an extension of time to file a notice of appeal (Doc. 71).  Federal Rule of Appellate Procedure 4 sets forth the timing rules relating to notices of appeal.  Rule 4(a)(1)(A) provides that, in a civil case, generally the notice of appeal must be filed within 30 days of entry of the order from which the appeal is taken.  The Court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A).  If these conditions are met, the Court may extend the deadline the longer of either (1) 30 days beyond the original 30-day period or (2) 14 days after the order granting the extension.  Fed. R. App. P. 4(a)(5)(C).  Even where both conditions are satisfied, the decision to extend the deadline is at the Court's discretion.  *See Garwood Packaging, Inc. v. Allen & Co.*, 378 F.3d 698, 700 (7th Cir. 2004).

In this case, the Court entered final judgment on December 16, 2013.  Thus, under Rule 4(a)(1)(A), Hall had up to and including January 15, 2014, to file a notice of appeal.  He did not

do so, but filed his motion for an extension of time on January 22, 2014, within 30 days after the time prescribed by Rule 4(a)(1)(A) expired. Hall states that he was late because the institution in which he is housed was on lockdown for disease control for five days in January 2014 and because he was unable to visit the law library as needed in December 2013 because of prison staff holiday schedules. He further states that he inadvertently forgot to give his notice of appeal when he gave documents to prison staff to timely e-file on January 15, 2014. While the Court believes that if Hall was able to prepare and tender a notice of appeal to prison authorities on January 15, 2014, the interruptions in his access to the law library did not interfere with his ability to prepare that document. However, the Court believes the inadvertent failure to include it with the documents given to prison authorities on January 15, 2014, constitutes excusable neglect. It further finds that Hall should be allowed to file a late notice of appeal.

For these reasons, the Court **GRANTS** Hall's motion for an extension of time to file a notice of appeal (Doc. 71) and **ORDERS** that he shall have up to and including February 18, 2014, 14 days from the date of this order, to file a notice of appeal. The Court further **GRANTS** Hall's motion to supplement his motion for leave to proceed on appeal *in forma pauperis* (Doc. 72) and **DIRECTS** the Clerk of Court to file the proposed supplement as an exhibit to the motion for leave to proceed *in forma pauperis* (Doc. 70). The Court will address Hall's other pending motions once Hall files a notice of appeal.

**IT IS SO ORDERED.**
**DATED: February 4, 2014**

                                           s/J. Phil Gilbert
                                           **J. PHIL GILBERT**
                                           **DISTRICT JUDGE**